UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

JIMMIE L. TEMPLIN,                                           Case No. 17-13196 t7

    Debtor.

## OPINION

Before the Court is 21st Mortgage Corporation's motion that the Court order Debtor to comply with his obligations under § 521(a)(2) and (6) of the Bankruptcy Code, and to delay entry of the bankruptcy discharge until he does. 21st Mortgage made an identical request of this Court (Chief Judge Robert H. Jacobvitz) in 2015, which was denied. *See In re Williamson*, 540 B.R. 460 (Bankr. D.N.M. 2015). After reviewing the briefs, hearing the arguments of counsel, and researching the case law, the Court concludes that there is no reason to depart the *Williamson* holding. For the reasons set forth below, 21st Mortgage's motion will be denied.

### I.     FACTS

For the limited purpose of ruling on the motion, the Court will assume the accuracy of the following facts, none of which appear disputed:

Debtor owns a 2007 Solitaire mobile home. Debtor financed the purchase of the mobile home with a loan from 21st Mortgage. The finance agreement (a retail installment contract) is dated December 13, 2006. It does not contain an *ipso facto*[1] clause.

Debtor filed this chapter 7 case on December 21, 2017. On the petition date, Debtor filed a statement of intent, which contains the following statement about the mobile home and 21st

---

[1] Latin, meaning "By the fact itself." An *ipso facto* clause in a loan or security agreement provides that filing a bankruptcy case constitutes a default. *See* Black's Law Dictionary, 833-34 (7th ed. 1999).

Mortgage's purchase money loan:

> [Debtor will] Retain the property and . . . will continue making payments to creditor without reaffirming.

Shortly after the petition date, 21st Mortgage sent Debtor a reaffirmation agreement. Debtor did not sign it. The § 341(a) meeting in Debtor's bankruptcy case was held on January 16, 2018. The deadline for filing objections to discharge has now passed, with no objections filed. The case is ready for discharge.

Debtor does not intend to sign a reaffirmation agreement with 21st Mortgage, nor to surrender the mobile home, nor to redeem it. Rather, Debtor intends to "retain and pay" for the mobile home, thereby keeping the home without reaffirming his personal liability for the 21st Mortgage debt.

The Court temporarily delayed entry of the discharge order in Debtor's case, until it rules on 21st Mortgage's motion.

## II.   DISCUSSION

A.   <u>Debtor's § 521(a)(2) and (a)(6) Duties</u>.

1.   <u>Section 521(a)(2)(A)</u>. Section 521(a)(2)(A) requires a debtor, within 30 days after his petition date, to file

> a statement of his intention with respect to the retention or surrender of such property [of the estate] and, if applicable, specifying that … the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property . . . .

For cases filed after enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), this language is generally acknowledged to give a debtor three, and only three, options for encumbered property: surrender it, redeem it, or reaffirm the debt. *See, e.g., In re Dumont,* 581 F.3d 1104, 1113-14 (9th Cir. 2009); *In re Rowe*, 342 B.R. 341, 351

-2-
Case 17-13196-t7    Doc 18    Filed 04/17/18    Entered 04/17/18 17:08:13 Page 2 of 11

(Bankr. D. Kan. 2006) ("Congress by amending §§ 521 and 362 intended to and was successful in eliminating the 'fourth option,' under which a Chapter 7 individual debtor having possession of personal property subject to a purchase money lien by performing all obligations under the security agreement and note could retain the property and be protected by the stay without either redemption of the property or reaffirmation of the secured debt"); *In re Mollison,* 463 B.R. 169, 179 (Bankr. D. Mass. 2012) (citing and following *Dumont)*; *In re Williamson,* 540 B.R. 460, 464 (Bankr. D.N.M. 2015) ("Section 521(a)(2) does not give a debtor the option to specify an intent to retain property without specifying an intent either to redeem or reaffirm"). *See also Johnson v. Sun Fin. Co. (In re Johnson),* 89 F.3d 249, 252 (5th Cir. 1996) ("debtors are limited to the three options set forth in the statute"); *Taylor v. AGE Fed. Credit Union (In re Taylor),* 3 F.3d 1512, 1517 (11th Cir. 1993) (debtor does not have the option to retain encumbered property without redeeming it or reaffirming the debt).

    2.    <u>Section 521(a)(2)(B)</u>. This subsection requires the debtor, within 30 days after the first date set for the §341 meeting, to "perform his intention with respect to such property, as specified by subparagraph (A) . . . ." Thus, by the stated deadline the debtor must surrender the property, redeem the property, or sign a reaffirmation agreement.

    3.    <u>Section 521(a)(6)</u>. Finally, § 521(a)(6) requires that the debtor "not retain" encumbered property securing a purchase money loan unless, within 45 days after the § 341 meeting, the debtor either redeems or reaffirms.

B.    <u>What Remedies are Available if the Debtor Violates § 521(a)(2) and (a)(6)?</u>

    Here, Debtor chose to violate § 521(a)(2) and (6). What remedies are available to 21st Mortgage?

1.  <u>Remedies before BAPCPA</u>. Before BAPCPA, the Code did not contain specific remedies for a debtor's violation of § 521(a)(2).[2] Several general remedies were potentially available, however, including dismissal or conversion of the case for "cause" under §§ 707(a), 1112(b), 1208(c), or 1307(c). *See, e.g., In re McCray,* 578 B.R. 403, 413-14 (Bankr. E.D. Mich. 2017) (a debtor's failure to perform their § 521 duties may constitute cause for dismissal under § 707(b)); *In re Mathis*, 548 B.R. 465, 470-71 (Bankr. E.D. Mich. 2016) (discussing dismissal or conversion as potential remedies for noncompliance with § 521(a)); *In re Plummer,* 513 B.R. 135, 144, n. 39 (Bankr. M.D. Fla. 2014) (courts have employed § 707(a) dismissal as a remedy for failing to comply with a stated § 521(a) intention)); *In re Sullivan-Anderson,* 307 B.R. 726, 729 (Bankr. M.D. Fla. 2003) ("in some cases, dismissal may be appropriate . . . when a debtor deliberately ignores his or her obligations under § 521(a)(2)").[3]

2.  <u>Remedies Added by BAPCPA</u>. BAPCPA added three specific remedies for a debtor's failure to comply with § 521(a)(2) and (a)(6).

    a.  <u>Section § 362(h)</u>. § 362(h), added by BAPCPA, provides:

    > In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—
    >   (A) to file any statement of intention required under section 521(a)(2) with respect to such personal property, or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . . as applicable; and
    >   (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

---

[2] Before BAPCPA, there was no § 521(a)(6).
[3] The Court is not ruling on whether there is or is not "cause" for dismissal in this case.

Section 362(h) makes clear that if a debtor violates § 521(a)(2), the automatic stay will be lifted and the subject personal property will be abandoned from the bankruptcy estate.

      b.    <u>The "Hanging Paragraph</u>." A second provision added by BAPCPA comes after § 521(a)(7), but is not numbered, lettered, or labeled. This so-called "hanging paragraph" provides in relevant part:

> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property …, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law . . . .

The hanging paragraph and § 362(h)(1) have several differences. First, the hanging paragraph applies to a debtor's § 521(a)(6) obligation (surrender the property if the debtor does not redeem or reaffirm), while § 362(h)(1) applies to his § 521(a)(2) obligations (file a statement of intention, and then surrender, redeem, or reaffirm). Second, the hanging paragraph applies when the property is encumbered by a purchase money security interest, whereas § 362(h)(1) applies to any personal property securing a debt. Third, the two provisions have different compliance deadlines (45 days versus 30 days). In both cases, however, the result of a violation is the same—the automatic stay is modified, and the property is abandoned from the bankruptcy estate.

      c.    <u>Section 521(d)</u>. A third relevant provision, also added in 2005 by BAPCPA, provides in relevant part:

> If the debtor fails timely to take the action specified in subsection (a)(6) of this section, or in paragraphs (1) and (2) of section 362(h), with respect to property … as to which a creditor holds a security interest not otherwise voidable under section 522(f), 544, 545, 547, 548, or 549, nothing in this title shall prevent or limit the operation of a provision in the underlying lease or agreement that has the effect of placing the debtor in default under such … agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

Section 521(d). This means that, after the stay has been lifted and the property abandoned from the bankruptcy estate, the secured creditor can enforce an *ipso facto* clause to the extent enforceable under applicable nonbankruptcy law. Such enforcement would prevent a debtor from successfully opting to "retain and pay" for the collateral. This enforcement mechanism is only available, however, to creditors who have included *ipso facto* clauses in their security agreements.

C.   Should the Court Delay Entry of the Discharge Order?

21st Mortgage is not satisfied with any of the general or specific remedies outlined above.[4] Instead, 21st Mortgage asks the Court to delay entering a discharge order until Debtor has complied with his obligations under § 521(a)(2).

Under § 727(a), the Court "shall grant the debtor a discharge unless" one of twelve enumerated exceptions applies. There is no allegation that one of the exceptions applies in this case. Thus, Debtor is entitled to entry of a discharge order.

As to the timing of the discharge order, Bankruptcy Rule 4004(c)(1) provides:

In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:

   (A) the debtor is not an individual;
   (B) a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided in the debtor's favor;
   (C) the debtor has filed a waiver under § 727(a)(10);
   (D) a motion to dismiss the case under § 707 is pending;
   (E) a motion to extend the time for filing a complaint objecting to the discharge is pending;
   (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;
   (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the

---

[4] Part of 21st Mortgage's dissatisfaction likely is due, at least in part, to the fact that its retail installment agreement does not have an *ipso facto* clause.

commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);
   (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7);
   (I) a motion to delay or postpone discharge under § 727(a)(12) is pending;
   (J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;
   (K) a presumption is in effect under § 524(m) that a reaffirmation agreement is an undue hardship and the court has not concluded a hearing on the presumption; or
   (L) a motion is pending to delay discharge because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

None of the twelve exceptions applies in this case. It is worth noting that one of them refers to § 521, albeit to subsection (f) rather than (a)(2). The Supreme Court[5] could have added "failure to comply with § 521(a)(2)" to the list of Rule 4004(c) exceptions, but did not.[6]

Based on the language of § 727(a) and Bankruptcy Rule 4004(c), the Court concludes that Debtor's failure to comply with § 521(2)(a) is not grounds to delay entry of the discharge order. *See also In re McCray*, 578 B.R. 403, 413-14 (Bankr. E.D. Mich. 2017) (denying a similar request because Bankruptcy Rule 4004(c)(1)'s exceptions did not include failure to comply with § 521(a)(2)). This means that 21st Mortgage's requested relief cannot be granted, because reaffirmation agreements entered into after discharge are unenforceable. *See In re Kirk,* 2014 WL 1248040, at *1 (Bankr. D.N.M.); *In re Suber*, 2007 WL 2325229, at *3 (Bankr. D.N.J.) (collecting cases).

D.   Should the Court Order Debtor to Comply with § 521(a)(2)?

21st Mortgage also asks the Court to order Debtor to comply with § 521(a)(2). It may well be within the Court's § 105(a) powers to do so. *See, e.g., In re Marquez,* 2017 WL 5438306 (Bankr.

---

[5] See 28 U.S.C. § 2075 ("The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11").

[6] See the discussion of the Negative Implication Canon below.

W.D. Tex.) (entering such an order); *Taylor v. AGE Fed. Credit Union (In re Taylor),* 3 F.3d 1512, 1517 11th Cir. 1993) (upholding a bankruptcy court's order compelling § 521(a)(2) compliance); *In re Plummer,* 513 B.R. 135, 144 (Bankr. M.D. Fla. 2014) (discussing a variety of remedies employed in response to §521(a)(2) noncompliance, including orders compelling compliance).

1. <u>Enforcing the Bankruptcy Code by Court Order is Unusual</u>. Nevertheless, it is unusual for bankruptcy courts to coerce adherence to the Bankruptcy Code by ordering compliance.[7] Much more common is to obtain compliance, or punish noncompliance, using the remedies provided in the Code. A partial list of Code violations and Code-based remedies follows:

| Code section and requirement | Code-based remedy for violation |
| --- | --- |
| § 109(g)(1)-willful failure to abide by order of the court | § 109(g)-ineligible to be a debtor for 180 days |
| § 109(h)(1)-failure to take credit counseling course | § 109(h)-ineligible to be a debtor |
| § 362(d)-failure to give adequate protection to a secured creditor | § 362(d)-relief from the stay |
| § 365(d)(1)-failure of the trustee to assume executory contract or unexpired lease of residential real property or of personal property within 60 days of the petition date | § 365(d)(1)-contract or lease deemed rejected |
| § 521(a)(1)-failure to file bankruptcy schedules and statement of financial affairs within 45 days | § 521(i)(1)-automatic dismissal |
| § 521(e)(2)(A)(i)-failure to provide most recent federal income tax return to the case trustee | § 521(e)(2)(B)-dismissal |
| § 521(j)(1)-post-petition tax return not filed with the IRS | § 521(j)(1)-dismissal or conversion |
| § 707(a) and 28 U.S.C. chapter 123-nonpayment of fees | § 707(a)-dismissal |
| § 707(b)(1)-individual debtor substantial abuse | § 707(b)-dismissal |
| § 727(a)(2)-transfer or concealment of property of the estate | § 727(a)(2)-discharge denied |
| § 727(a)(3)-concealment or failure to keep records | § 727(a)(3)-discharge denied |
| § 727(a)(4)-fraudulent acts | § 727(a)(4)-discharge denied |

---

[7] The common bankruptcy court orders requiring parties to comply or face sanctions have statutory or rule bases, e.g., turnover orders, Rule 2004 orders, and orders compelling discovery.

| § 727(a)(5)-failure to explain loss of assets | § 727(a)(5)-discharge denied |
|---|---|
| § 727(a)(6)-refusal to obey court order | § 727(a)(6)-discharge denied |
| § 727(a)(11)-failure to complete a personal financial management course | § 727(a)(11)-discharge denied |
| § 1112(b)(4)(C)-failure to maintain appropriate insurance | § 1112(b)-dismiss or convert |
| § 1112(b)(4)(D)-unauthorized use of cash collateral | § 1112(b)-dismiss or convert |
| § 1112(b)(4)(F)-failure to file required reports | § 1112(b)-dismiss or convert |
| § 1112(b)(4)(I)-failure to pay post-petition taxes | § 1112(b)-dismiss or convert |
| § 1307(c)(4)-failure to make plan payments | § 1307(c)-dismiss or convert |
| § 1321 and BR 3015(b)-failure to file a chapter 13 plan within 14 days of the petition date | § 1307(c)(3)-dismiss or convert |
| § 1328(e)(1)-discharge obtained by fraud | § 1328(e)-revocation of discharge |

There are many more.

Enforcing Code-specified remedies has several advantages. First, the parties are aware, in advance, of the consequences of noncompliance. Second, results are more predictable than if the Court were to exercise its equitable authority. Third, bankruptcy courts are not burdened by the responsibility of sanctioning, fining, or even jailing debtors who do not comply with their orders. Especially when a variety of Code-based remedies are available, resort to equitable remedies seems unjustified.

2. <u>The Statutory Remedies Imply that Equitable Remedies are Not Available</u>. After *Law v. Siegel,* 134 S. Ct. 1188 (2014), bankruptcy courts are careful about invoking their equitable powers when the Bankruptcy Code addresses the issue at hand. Here, the Code supplies both general remedies (potential conversion or dismissal) and specific remedies (stay relief and abandonment). Absent unusual circumstances not present in this case, it appears that Congress intended the Court to use one of the remedies found in the Code.

In general, when Congress specifies certain remedies, it is reasonable to conclude that other remedies were excluded on purpose. Under the statutory construction canon *Expressio unius est*

*exclusio alterius* (the "Negative Implication Canon"), "specification of the one implies exclusion of the other." Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 107 (Thomson & West, 2012). An example from *Reading Law* is a sign outside a veterinary clinic stating "Open for treatment of dogs, cats, horses, and all other farm and domestic animals," which suggests that exotic animals such as lions or zebras are not welcome for treatment. *Id.* at 107-08. *See also Barnhardt v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) ("the canon *expressio unius est exclusio alterius* . . . has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence").

Here, the general and specific remedies discussed above, and in particular the remedies added by BAPCPA, seemed designed to "cover the waterfront" for debtor violations of § 521(a)(2). It therefore is reasonable to infer that Congress intended to exclude other remedies. This was the basis for Judge Jacobvitz's decision in *Williamson*:

> Because the Bankruptcy Code itself provides the remedy with regard to the property as a consequence of the Debtor's noncompliance with duties under § 521(a)(2)(A) and (B), and § 521(a)(6), 21st Mortgage is not entitled to an order compelling Debtors to enter into a reaffirmation agreement, redeem the Manufactured Home, or surrender the property as a result of Debtors' failure to carry out their duties under § 521(a)(2) or § 521(a)(6). Instead, 21st Mortgage must look to applicable non-bankruptcy law to enforce whatever rights it believes it has with regard to the Manufactured Home under the Contract.

540 B.R. at 467.[8]

E.  21st Mortgage's Lack of State Court Remedy. 21st Mortgage asks for the requested relief in part because it lacks a state court remedy, given that its finance agreement with Debtor has no

---

[8] Another canon may be applicable. The "Surplusage Canon" (*verba cum effectu sunt accipienda*) holds "that it is no more the court's function to revise by subtraction than by addition." *See Reading Law*, 174. Here, granting 21st Mortgage its requested relief would ignore the remedies available to it in the Code, arguably reducing them to mere surplusage.

*ipso facto* clause, and Debtor is not otherwise in default. The Court is not persuaded that this is a sufficient reason to grant 21st Mortgage's motion. Creditors are entitled to (and typically do) include *ipso facto* clauses in their security agreements. In fact, one court noted in another, similar case, that 21st Mortgage updated its retail installment contract form after BAPCPA to include an *ipso facto* clause. *See In re Marquez,* 2017 WL 5438306, at *4, n. 5 (Bankr. W.D. Tex.). The absence of such a clause in this particular case is unfortunate, but is not enough to prompt the Court to deviate from the statutory remedies outlined above.

### III. CONCLUSION

The Court concludes that *Williamson* was correctly decided. Between the general statutory remedies of dismissal or conversion, and the specific statutory remedies added in 2005, the Court should not exercise its equitable powers and grant 21st Mortgage the extraordinary relief it seeks. Further, the Supreme Court has directed that the Court enter the discharge order "forthwith." Without the ability to delay discharge, any Court order requiring compliance with § 521(a)(2) and (6) would be ineffective. The Motion therefore will be denied.

/s/ David T. Thuma

David T. Thuma
United States Bankruptcy Judge

Entered: April 17, 2018

Copies to: Counsel of record